AMY, J.,
concurring in part and dissenting in part.
|TI join in the majority’s affirmation of the workers’ compensation judge’s award of compensation benefits. However, I do not join in the conclusion that the workers’ compensation judge erred in consideration of the intoximeter results. Rather, I think that the workers’ compensation judge appropriately considered the results within the totality of the evidence. Simply, I find that the claimant’s argument regarding La.R.S. 23:1081(9)(e) is out of focus for this intoxication by alcohol case.
Certainly, La.R.S. 23:1081(l)(b) generally prohibits compensation for an injury caused “by the injured employee’s intoxication at the time of the injury[.]” Additionally, La.R.S. 23:1081(3) provides an employer with certain presumptions (according to a scale of percentages by weight of alcohol in the employee’s blood) in establishing the intoxication defense of Paragraph (l)(b).
The claimant’s argument suggests, and the majority opinion determines, that La. R.S. 23:1081(9)(e) operates to exclude the intoximeter results advanced by the employer in pursuit of its intoxication by alcohol defense. However, reference to that provision indicates no apparent applicability to alcohol intoxication. Instead, Paragraph 9(e) provides:
(9) All sample collection and testing for drugs under this Chapter shall be performed in accordance with rules and regulations adopted by the director which ensure the following:
[[Image here]]
(e) Sample testing shall conform to scientifically accepted analytical meth *295 ods and procedures. Testing shall include verification or confirmation of any positive test result by gas chromatography, gas chromatography-mass spectroscopy, or other comparably reliable analytical method, before the result of any test may be used as a basis for any disqualification pursuant to this Section. Test results which do not exclude the possibility of passive inhalation of marijuana may not be used as a basis for disqualification under this Chapter. However, test results which indicate that the concentration of total urinary cannabinoids as determined by immunoassay equals or exceeds fifty nano-grams/ml shall exclude the possibility of passive inhalation.
(Emphasis added.) Overall, La.R.S. 23:1081 refers separately to “drugs” and to “alcohol.” Paragraph (9) refers only to “drugs.” This distinction in terminology is meaningful in my opinion, and, in this case, precludes the application of La.R.S. 23:1081(9)(e) as a basis for exclusion of the intoximeter results from this intoxication by alcohol defense. Thus, I find the workers’ compensation judge’s consideration of those results appropriate, although the evidence supports a determination that the employer, in light of all of the evidence, failed to prove the intoxication defense.
Also, I find that the award of penalties and attorney fees must be reversed. Given both the intoximeter results and the eyewitness statements regarding the smell of alcohol, it seems clear to me that the employer reasonably controverted this claim even if it did not ultimately prevail on its defense. I do not find that its pursuit of the defense was unreasonable when, in fact, the evidence of intoxication is still unexplainable on the evidence presented.
Finally, and given the reversal of the penalties and attorney fees, I dissent from the majority opinion’s award for attorney fees incurred on appeal. Workers’ compensation jurisprudence indicates that “[a]n award for additional attorney fees is generally given when attorney fees were correctly granted on the trial level, for as to deny such a request on appeal would be inconsistent with the underlying judgment.” Bennett v. Pilgrim’s Pride, 07-753, p. 11 (La.App. 3 Cir. 12/12/07), 972 So.2d 423, 430, writ denied, 08-0103 (La.3/7/08), 977 So.2d 907. See also McKelvey v. City of Dequincy, 07-604, pp. 11-12 (La.App. 3 Cir. 11/14/07), 970 So.2d 682, 690 (wherein a panel of this court explained that “[a]n increase in attorney’s fees is awarded on appeal when the defendant appeals, obtains no relief, and the appeal has necessitated more work on the part of the plaintiffs attorney, provided the plaintiff requests such an increase”)(emphasis added).
In this case, however, the majority reverses the underlying award of penalties and attorney fees upon a specific finding that the employer reasonably controverted this claim. See La.R.S. 23:1201(F)(2). In my view, an award of attorney fees for work performed on appeal when no such fees were authorized at the trial level renders the appellate award inconsistent with the underlying judgment, contrary to the proposition cited in Bennett, 972 So.2d 423. Here, the employer pursued its right of appellate review of a judgment it was ultimately able to demonstrate was a reasonably controverted claim. I find no statutory basis for an award of appellate attorney fees absent a valid basis for such fees at the trial level. Such an award, in my opinion, essentially undermines an employer’s exercise of its right to appeal.
For these reasons, I affirm in part and dissent in part from the majority opinion.